Judge Ewing
delivered the Opinion of the Court.’
An action of covenant was brought by Wenzell, against the executrix and heirs of J. C. Breckinridge, on the following writing:—
“Lexington Oct. 4, 1819.
“ Received of Mr. J. C. Wenzell for collection, a note “ on James Haggin and Wm. T. Barry, for five hundred “ dollars, dated March 22, and due six months after “ date.
“ J. Cabel Breckinridge,.’’'1
The only question involved, is — can an action of covenant he sustained for failing to pay to the plaintiff, the money collected?
No technical form of words is necessary to make a covenant: any words which import an agreement to do, or not to do, a particular thing, will be sufficient. ' In Covenants real, there are technical words from which the law will imply a covenant. But in personal covenants, the terms used, must, according to their reasonable import, amount to a stipulation to do the act charged to have been omitted.
A covenant to collect does not necessarily import a covenant to pay the money so collected, to the plaintiff, or any other. And it is not the province of this Court to add to the terms of the undertaking, or to impose a. covenant to do a thing, which the party by any fair interpretation of its terms has not imposed upon himself. - In the case of Wilcoxen et al. vs. Rix, 1 Marshall, 421, it was decided by this Court, that a receipt, acknowledging the reception of property from another for sale, does not import a covenant to pay over the money. And in the case of Harris vs. Ogg, 1 J. J. Marshall, 411, they *483 decided, that a covenant to sell tobacco at New Orleans for the best price that can be-obtained, does not create a covenant to pay the money collected.
So in this case, we cannot imply a covenant to pay-the money to thé plaintiff, when collected, there being no stipulation to that effect.
It may have been the intention of the parties, tor aught that appears in the receipt, that the money was to be retained by the defendants testator, or that he was to make some disposition of it, other than pay it to the plaintiff. Whatever may have been the intention of the parties, it is not for this Court to say. It is sufficient, for them to say, that no words have been used which can be fairly interpreted into a covenant to pay the, money to the plaintiff.
Judgment affirmed.