Chief Justice Robertson
delivered the Opinion of the Court.
Upon the general issue in an action of assumpsit, Talbot recovered a judgment against the administrator of John Atcherson, for seven hundred and thirty four dollars, in damages, for the non-payment of the amount alleged to have been collected by the intestate, upon a note made payable, as proved, to one Jefferson Curl, or bearer, but to which Talbot and John Hart were equitably entitled, as partners, and for which the following receipt was given to Talbot:—“Charleston, So. Ca. April 21, 1824—received of Thos. Talbot, Wm. Oswald’s note for 500 for collection. (Signed) John Atcherson.”
A receipt for a note for ‘collection,’ no more saying, does not, ex vi termini, imply a covenant to pay over the money; but the law implies an agreement to pay it over, in a reasonable time after it is collected—on which, indebitatus assumpsit will lie.
The action for the proceeds of a note collected by an agent, should be brought in the name, either of him to whom it is payable, as the legal owner, or of the party equitably entitled to it. But a note payable to C. or bearer, but belonging to T. and H. is placed by T. in the hands of A. for collection. As T. was then the bearer, he could have had an action on the note in his own name, or in the names of the joint owners; and as A. the bailee of T. received it of him, he was accountable to him for it, and assumpsit was properly brought in his (T’s.) name against A’s. administrator, for the proceeds. And if C. should be deemed the legal owner of the note, still T. not being known to A. as an agent, could have maintained the suit in his own name. For—
And the assignment of errors presents two questions for revision:—
First. Did the Circuit Court err in refusing to exclude a certified record of a judgment in favor of the intestate, as plaintiff, against William Oswald, defendant, for the amount of a note of five hundred dollars ? Second. Was there error in overruling a motion for a non-suit?
First. The record read, and objected to on the trial, though it was the transcript of a suit by Atcherson himself, against Oswald, exhibited, as the note on which the suit was brought, a written promise by Wm. Oswald, to Curl, or bearer, for $500, dated prior to the date of Atcherson’s receipt to Talbot; and therefore it was admissible as evidence of the fact, that Atcherson had recovered from Oswald the amount of the note which he had received from Talbot for collection.
Second. As there was some evidence tending to show that Atcherson had collected the amount of the judgment against Oswald, the Circuit Judge did not err in overruling the motion for a non-suit, if an action of assumpsit be maintainable, and in the name of Talbot.
The receipt does not, in our opinion, according to adjudged cases on analagous agreements, import ex vi termini, a covenant to pay the money when collected; and, therefore, as the law implied a promise to pay it within a reasonable time after collection, indebitatus assumpsit, as brought in this case, might be maintained by the party to whom the law implied the promise.
But it is argued that, the only ground for an implied promise, was the fact that the money, when collected, belonged to some other person or persons than Atcherson, and that, therefore, the party entitled to it had, alone, the right to sue for it; and that, consequently, as the proof showed that Curl had the legal, and Talbot and Hart jointly had the beneficial title to it, the suit *326 should have been brought, either in the name of Curl, or in the names of both Talbot and Hart.
Where a bailee receives the thing bailed from an agent, of whose agency he is not informed, either the agent, or his principal, may maintain an action upon the promise implied by the bailment.
This conclusion would be indisputable, if, as assumed, the law, upon the facts stated, did not imply a promise to pay the money, if collected, to Talbot. But we are of the opinion that there was such an implied assumpsit to Talbot.
The note being payable to Curl or bearer, and Talbot being, at the date of the receipt, the bearer, either for his own use or for that of Hart and himself, he then had the exclusive legal right to enforce payment of it, either to himself, by suit in his own name, or to Hart and himself, by a suit in their joint names. And therefore, in the absence of any proof of an express contract, the law implied a promise by his bailee, to account to him for the bailment.
But if Talbot should be considered as amere bailee or agent of Curl, still, as it does not appear that he was known in that character by Atcherson, the bailment imported a promise to him individually, as well as to his bailor; and as the bailment to himself gave him a special property, either he or his bailor might have maintained a suit on the promise implied by the bailment by him to Atcherson.
It cannot be presumed, from the facts exhibited in the record, that Atcherson was apprized of any other interest in the note than that of Talbot, which, as the note was payable to the bearer, seemed, prima facie, to be sole and entire. And it is well settled by adjudged cases, that a mere agent, who acts or makes a contract in his own name, and apparently for his own use, so as to lay a foundation for an action on either an express or implied assumpsit, may sue or be sued on the express or implied promise, even though his principal might also have an alternative right to sue, or might be liable to be sued. Thus a policy broker, whose name is on the policy, may sue in his own name. Park on Ins. 403; 1 Term Rep. 114; Vignier vs. Swanson, 1 Bos. & Pul. 346, n. b. And A, who carried on trade, for his own benefit, in the name of B, may sue in the name of B, on an implied promise for goods sold in the course of the trade thus con *327 ducted. Drinkwater vs. Goodwin, Cowper, 251; Alsop et al. vs. Caines, 10 Johnson’s Rep. 396. So, a factor, even without a del credere commission, who sold his principal’s goods in his own name, may sue in his own name, for the price. Saddler vs. Lee et al. 4 Campb. 195.
Were it then admitted that both Hart and Talbot might have maintained the action, the concession would not prove that Talbot alone may not do it: and we are of the opinion that he can.
We are therefore of the opinion, that the Circuit Judge did not err in overruling the motion for a non-suit.
And therefore, as the evidence, however slight, was sufficient to authorize the verdict, the judgment of the Circuit Court must be affirmed.