BAYSE
vs.
BRISCOE.

a     guardian's
bond under the
authority of the
statute, is de-
nied.

---

COVENANT.

Case 32.

January 12.

## Bayse *vs.* Briscoe.

### APPEAL FROM SPENCER CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

1. A bill of sale for a slave contained these covenants and none other: "I warrant said negro sound in body and mind and a slave for life"—held, that there is not in this covenant any warranty of title in the vendor, and that covenant does not lie upon this writing, in case the vendee lose the slave by a better title.

2. A warranty that a slave sold, is a slave for life, does not imply a warranty of title in the vendor.

3. The words "I have sold" used in a bill of sale for a slave, do not imply a warranty of title in the vendor.

4. Though no particular form of words is necessary to create a covenant, yet words must be employed which import an agreement. It is not enough that facts are stated from which an agreement may be inferred. (1 *A. K. Marshall,* 421; 1 *J. J. Marshall,* 408; 3 *Dana,* 482; 5 *Ib.* 324; 11 *B. Monroe,* 311.)

5. In covenants real the law will imply a covenant; not so in covenants in respect to personal property, which cannot be enlarged by implication.

Briscoe brought an action of covenant against Bayse on the following writing:

"I have this day sold to E. C. Briscoe one boy "named William, about twenty-two years of age, for "and in consideration of $550, the receipt whereof I "hereby acknowledge. I warrant said negro sound "in body and mind, and a slave for life. In witness "whereof, I have hereunto set my hand and seal this "22d of March, 1834.          E. BAYSE, *Seal.*"

The declaration, after setting forth the covenant, alleged that the vendor was in the possession of the slave at the time of the sale, but had no title to him, and that subsequently in an action brought and tried in a court in Louisiana, it was adjudged that the slave was not the property of the plaintiff in this suit, but belonged to other persons.

The defendant demurred to the plaintiff's declaration, but the court overruled the demurrer. No other plea having been filed by the defendant, a writ of inquiry was awarded, and a verdict and judgment rendered for $1181 60 in damages, and the defendant has appealed to this court.

The only question to be considered by the court is, whether the writing contains a warranty of title; the want of title in the vendor, at the time of the sale, being the only breach assigned or relied upon in the declaration.

According to the literal signification of the language used in the writing, the warranty applies alone to the quality, state, and condition of the negro at the time of the sale. The vendor covenants that he is then sound in body and mind, and his state and condition is that of a slave during his life. There is nothing said in relation to the title, nor any warranty upon that subject.

It is contended that the words, "I warrant said negro a slave for life," amount to a covenant by the vendor, that he had a right to sell him as a slave for life, and constitute substantially a warranty of title. These words, however, do not refer to the title of the

---

**BAYSE**
*vs.*
**BRISCOE.**

Case stated.

1. A bill of sale for a slave contained these covenants and none other: "I warrant said negro sound in body and mind and a slave for life"—held that there is not in this covenant any warranty of title in the vendor, and that covenant does not lie upon this writing, in case the vendee lose the slave by a better title.

2. A warranty that a slave sold, is a slave for life, does not imply a warranty of title in the vendor.

vendor, nor to his right of property in the slave, but refer exclusively to the condition of the negro as a slave, and mean that he was not entitled to his freedom at that or any subsequent time.

But it is also argued, that upon the sale of personal property in the possession of the vendor, there is an implied warranty of title, as well when the sale is by writing as when it is verbal, merely, and, therefore, when the sale is by writing, the words, "I have sold," create a covenant of title, inasmuch as they imply a right by the vendor to make the sale, and impose on him a corresponding obligation to sustain that right. If however such an obligation exist, it is but the result of a legal implication, and is not created by the terms employed in the written contract; it is at last but an implied undertaking, and not an express covenant of warranty.

It is true that no particular form of words is necessary to create a covenant of warranty, but to constitute such a covenant, the words used must import an agreement to that effect; it is not sufficient that the writing state facts from which such an agreement may be inferred. This principle is fully exemplified and sustained by the cases of *Wilcoxen* v. *Rix*, 1 *A. K. Marshall*, 421; *Harris* v. *Ogg*, 1 *J. J. Mar.* 408; *Winzell* v. *Breckinridge's ex'or.* 3 *Dana*, 482; *Atchison's adm'r.* v. *Talbott*, 5 *Dana*, 324; *Lytle's ex'or.* v. *Pope's adm'r.* 11 *B. Monroe*, 311.

In covenants real, there are technical words from which the law will imply a covenant; but in personal covenants, or in contracts relating to personal property, the terms used to create a covenant on the obligor, must, according to their reasonable import, amount to a stipulation that a liability is assumed, or that a duty will be performed by him. A covenant in writing concerning personal property cannot be enlarged or extended by implication so as to impose upon the obligor a liability, or the performance of a duty, not provided for by the terms of the writing itself. The covenant relied upon must be ex-

3. The words "I have sold" used in a bill of sale for a slave, do not imply a warranty of title in the vendor.

4. Though no particular form of words is necessary to create a covenant, yet words must be employed which import an agreement. It is not enough that facts are stated from which an agreement may be inferred. (1 *A. K. Marshall*, 421; 1 *J. J. Marshall*, 408; 3 *Dana*, 482; 5 *Ib.* 324; 11 *B. Monroe*, 311.)

5. In covenants real the law will imply a covenant; not so in covenants in respect to personal property, which cannot be enlarged by implication.

pressed in the writing, and not arise by legal implication or intendment.

We are, therefore, of opinion that the writing sued upon does not contain a warranty of title, or a covenant for quiet enjoyment.

Wherefore the judgment is reversed, and cause remanded with directions to sustain the demurrer to the plaintiff's declaration.

*Grigsby*, *Newman*, *Harlan*, *Riley*, and *Muir*, for appellant ; *Wickliffe*, for appellee.